# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1491V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| KATHLEEN KRIEBEL, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: April 1, 2025 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Danielle A. Strait*, Mctlaw, Seattle, WA, for Petitioner.

*Alexa Roggenkamp*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 21, 2021, Kathleen Kriebel filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered from Guillain-Barré syndrome following receipt of an influenza vaccine on September 10, 2019, and/or that her illness was caused by the vaccine. The parties successfully settled the case, and I issued a decision awarding Petitioner compensation. *See* Decision, dated Sept. 10, 2024 (ECF No. 66).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Mar. 12, 2025 (ECF No. 71) ("Mot."). This is Petitioner's sole such request. Petitioner

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

requests attorney's fees and costs relating to the work performed by present counsel (Danielle A. Strait of mctlaw) since her appearance in the matter, as well as fees and costs attributable to work performed by previous counsel (Patrick J. Sullivan of The Sullivan Law Firm). Petitioner requests a total of $98,663.76: $92,460.61 for mctlaw ($85,153.40 in attorney's fees, plus $7,307.21 in costs), and $6,203.15 for work by The Sullivan Law Firm ($5,340.00 in attorney's fees, plus $863.15 in costs) performed from February 2020 to June 2020 (well before the case's initiation in June 2021). Mot. at 1–3; ECF No. 71-5 at 1–2.

Respondent reacted to the fees request on March 26, 2025. *See* Response, dated Mar. 26, 2025 (ECF No. 72) ("Resp."). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 4. Petitioner filed a reply, maintaining her position and requesting that she be awarded the requested fees and costs as indicated. Reply, dated Mar. 26, 2025 (ECF No. 73).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$98,663.76**.

I.    **Calculation of Fees**

Because Petitioner's claim was successful, she is entitled to a fees and costs award—although only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensely v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for the attorney and support staff who appeared for her in this matter, based on the years work was performed:

*Maglio Christopher & Toale (mctlaw)*

|  | **2020** | **2021** | **2022** | **2023** | **2024** | **2025** |
|---|---|---|---|---|---|---|
| **Danielle Strait (Attorney)** | $370.00 | $395.00 | $415.00 | $450.00 | $480.00 | $520.00 |
| **Altom Maglio (Attorney)** | $420.00 | -- | -- | -- | -- | -- |
| **LeeAnne Pedrick (Attorney)** | $179.00 | $195.00 | -- | -- | -- | $348.00 |
| **Paralegals** | $160.00 | $160.00 | $170.00 | $180.00 | $190.00 | $205.00 |

ECF No. 71-3 at 1–50.

The mctlaw attorneys participating in this case practice in Seattle, Washington, and Washington, D.C.—jurisdictions that have been deemed "in forum." Accordingly, they are entitled to the forum rates established in *McCulloch*. *See Cain v. Sec'y of Health & Hum. Servs.*, No. 17-264V, 2022 WL 1299129, at *2 (Fed. Cl. Spec. Mstr. Apr. 5, 2022). The rates requested for Ms. Strait and her colleagues (including newly requested 2025 rates rates) are also consistent with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[3] *See Elliott v. Sec'y of Health & Hum. Servs.*, No. 21-512V, 2024 WL 2272271 (Fed. Cl. Spec. Mstr. Apr. 19, 2024). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time at the provided rates.[4]

In addition, Petitioner requests fees and costs for work performed by counsel who did not appear in this action, and in fact provided services to her well before the case was filed. Specifically, she asks that attorney Patrick Sullivan be reimbursed at a rate of $250.00 per hour for time billed to the matter in 2020. ECF No. 71-5 at 1–2. *See Barrett v. Sec'y of Health & Hum. Servs.*, No. 09-389V, 2014 WL 2505689, at *14 (Fed. Cl. Spec. Mstr. May 13, 2024) ("[a] referring attorney who performs no direct work in the litigating of a Vaccine Court petition can necertheless obtain a fee award); *see also Bell v. Sec'y of Health & Human Servs.*, No. 07-454V, 2008 WL 4657081, at 1 (Fed. Cl. Spec. Mstr. Oct. 2, 2008); *Hussey v. Sec'y of Health & human Servs.*, No. 89-69V, 1990 WL 293391, at *3–4 (Fed. Cl. Spec. Mstr. June 27, 1990).

---

[3] OSM Attorney's Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Apr. 1, 2025).

[4] The rates for the paralegals who worked on this matter are also consistent with what has previously been awarded and in accordance with the Office of Special Masters' fee schedule. ECF No. 71-3 at 51–52.

Mr. Sullivan practices in Seattle, WA—a jurisdiction that has also been deemed "in forum," making him entitled to commensurate rates established in *McCulloch*. *See Monterroso v. Sec'y of Health & Hum. Servs.*, No. 17-1310V, 2019 WL 7494982, at *2 (Fed. Cl. Spec. Mstr. Dec. 9, 2019). The rates requested for Mr. Sullivan are consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule. *See Wham v. Sec'y of Health & Hum. Servs.*, No. 19-1431V, 2021 WL 3916901 (Fed. Cl. Spec. Mstr. July 30, 2021). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

## II.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $863.15 in costs incurred by her prior counsel with The Sullivan Law Firm, including medical record retrieval costs and mailing costs. ECF No. 71-5 at 2. Such costs are typical in the Vaccine Program and are thus eligible for reimbursement, and I do not find any of the amounts at issue questionable. Thus, they shall be awarded in full without reduction.

Petitioner also seeks $7,307.21 in costs incurred by current counsel at mctlaw, including the filing fee, medical record retrieval costs, mailing and photocopying costs, and costs associated with work performed by a single expert, Kazim Sheikh, M.D. ECF No. 71-4 at 1–3. Dr. Sheikh reviewed Petitioner's medical records and provided consultation regarding her diagnosis and sequelae. Mot. at 2. He submitted an invoice reflecting a total of $4,650.00 (billing at an hourly rate of $600.00 for 7.75 hours of work, and having received a retainer fee of $3,000.00). ECF No. 71-4 at 97. I deem this rate and time expended on the matter reasonable, and will award both.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, awarding a total amount of **$98,663.76**, reflecting (a) $92,460.61 in attorney's fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt

disbursement; and (b) $6,203.15 in the form of a check made payable to Petitioner's prior counsel, Patrick Sullivan, Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[5]

**IT IS SO ORDERED.**

<u>/s/ Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.